**Nelda MAJORS, et al., Plaintiffs,**

v.

**Tom HORNE, et al., Defendants.**

**No. 2:14–cv–00518 JWS.**

United States District Court,
D. Arizona.

Signed Oct. 16, 2014.

Filed Oct. 17, 2014.

Alexis Elizabeth Danneman, Barry Grant Stratford, Daniel Clayton Barr, Kirstin T. Eidenbach, Paul F. Eckstein, Perkins Coie LLP, Phoenix, AZ, Jennifer C. Pizer, Carmina Ocampo, Lambda Legal Defense & Education Fund Incorporated, Los Angeles, CA, for Plaintiffs.

Byron Jeffords, James Andrew Campbell, Jonathan Caleb Dalton, Kenneth John Connelly, Alliance Defending Freedom, Scottsdale, AZ, Kathleen Patricia Sweeney, Robert Lawrence Ellman, Office of the Attorney General, Phoenix, AZ, Defendants.

## ORDER AND OPINION

**[Re: Motions at dockets 59 and 82]**

JOHN W. SEDWICK, District Judge.

### I. MOTIONS PRESENTED

At docket 59 plaintiffs move for summary judgment. Defendants respond at docket 83, and plaintiffs reply at docket 85. Defendants move for summary judgment at docket 82. Plaintiffs respond at docket 85, and defendants' reply has not yet been filed. Oral argument was not requested and, given recent developments in the law of the Ninth Circuit, would not be of assistance to the court.

### II. BACKGROUND

Plaintiffs are same-sex couples who were married in another jurisdiction and seek to have Arizona recognize their marriages, same-sex couples who wish to wed in Arizona, and an organization that purports to represent the interests of same-sex couples in Arizona. There are provisions of Arizona law that make it impossible for same-sex couples to wed in Arizona and which also make it impossible for Arizona to recognize the validity of same-sex marriages lawfully entered in other jurisdictions. The provisions at issue are Article 30, Section 1, of the Arizona Constitution which states that only a marriage between one man and one woman is valid and recognizable in Arizona; A.R.S. § 25–101(C) which provides that same-sex mar-

riage is prohibited in Arizona; and A.R.S. § 25–125(A) which defines marriage as between a male and female person (collectively "the challenged laws"). Plaintiffs ask the court to declare that the challenged laws deny them equal protection of the law and therefore are invalid under the United States Constitution. They also ask the court to permanently enjoin the enforcement of the challenged laws. Defendants deny that the laws violate the United States Constitution.

## III. DISCUSSION

▮ When the pending motions were filed the law of this circuit was not clear. Thus, resolution of the motions would have required this court to write a lengthy decision. However, the Court of Appeals for the Ninth Circuit recently ruled that substantially identical provisions of Nevada and Idaho law that prohibit same-sex marriages are invalid because they deny same-sex couples equal protection of the law, the right to which is guaranteed by the Constitution of the United States.[1] This court is bound by decisions of the Court of Appeals for the Ninth Circuit.[2] For that reason, plaintiffs are entitled to a declaration that the challenged laws are unconstitutional

together with a permanent injunction prohibiting enforcement of the challenged laws.

▮ A stay of this decision to allow defendants to appeal is not warranted. It is clear that an appeal to the Ninth Circuit would not succeed. It is also clear—based on the Supreme Court's denial of petitions for writs of certiorari filed in connection with several circuit court decisions which held that same-sex marriage must be recognized in Indiana,[3] Oklahoma,[4] Utah,[5] Virginia,[6] and Wisconsin[7]—that the High Court will turn a deaf ear on any request for relief from the Ninth Circuit's decision.

## IV. CONCLUSION

For the reasons given in the preceding section of this order, plaintiffs' motion for summary judgment at docket 59 is granted as follows: this court hereby declares Article 30, Section 1, of the Arizona Constitution; A.R.S § 25–101©; and A.R.S. § 25–125(A) unconstitutional because they deny same-sex couples the equal protection of the law. It is further ordered that defendants are hereby ordered to permanently cease enforcement of those provisions of Arizona law declared unconstitutional by

---

1. *Latta v. Otter*, — F.3d ——, Nos. 14–35420, 14–35421, and 12–17668, 2014 WL 4977682 (9th Cir. Oct. 7, 2014).

2. *See Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir.2001) ("Circuit law ... binds all courts within a particular circuit, including the court of appeals itself. Thus, the first panel to consider an issue sets the law not only for all the inferior courts in the circuit, but also future panels of the court of appeals.") (citation omitted).

3. *Bogan v. Baskin*, — U.S. ——, 135 S.Ct. 316, — L.Ed.2d ——, No. 14–277, 2014 WL 4425162 (U.S. Oct. 6, 2014).

4. *Smith v. Bishop*, — U.S. ——, 135 S.Ct. 271, — L.Ed.2d ——, No. 14–136, 2014 WL 3854318 (U.S. Oct. 6, 2014).

5. *Herbert v. Kitchen*, — U.S. ——, 135 S.Ct. 265, — L.Ed.2d ——, No. 14–124, 2014 WL 3841263 (U.S. Oct. 6, 2014).

6. *McQuigg v. Bostic*, — U.S. ——, 135 S.Ct. 314, — L.Ed.2d ——, No. 14–251, 2014 WL 4354536 (U.S. Oct. 6, 2014); *Rainey v. Bostic*, — U.S. ——, 135 S.Ct. 286, — L.Ed.2d ——, No. 14–153, 2014 WL 3924685 (U.S. Oct. 6, 2014); *Schaefer v. Bostic*, — U.S. ——, 135 S.Ct. 308, — L.Ed.2d ——, No. 14–225, 2014 WL 4230092 (U.S. Oct. 6, 2014).

7. *Walker v. Wolf*, — U.S. ——, 135 S.Ct. 316, — L.Ed.2d ——, No. 14–278, 2014 WL 4425163 (U.S. Oct. 6, 2014).

this order. The court declines to stay the effect of this order. Defendants' cross-motion for summary judgment is denied as moot.